UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CARLOS ALMONTE,<br><br>                          Plaintiff,<br><br>        -against-<br><br>LAW ENFORCEMENT AGENCY,<br><br>                          Defendant. | 22-CV-0080 (LTS)<br><br>ORDER TO SHOW CAUSE UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a prisoner at Sing Sing Correctional Facility, filed this action *pro se* and

seeks to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The Court directs

Plaintiff to show cause by declaration why the Court should not deny his IFP application under

28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision.

## PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to

the IFP statute:

> In no event shall a prisoner bring a civil action…under this section if the prisoner
> has, on 3 or more prior occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to state a claim upon which
> relief may be granted, unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g). The Court finds that Plaintiff has accumulated three strikes and is therefore

barred under Section 1915(g) from filing any actions IFP. *See Almonte v. Law Enforcement*

*Agency*, No. 21-CV-8270 (LLS) (S.D.N.Y. Nov. 5, 2021) (complaint, brought IFP while Plaintiff

was a prisoner at Sing Sing, dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)[1]); *Almonte v.*

---

[1] "Any claim dismissed on the ground of absolute judicial immunity is frivolous for
purposes of 1915(g)." *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011).

*Karth*, No. 21-CV-6062 (LTS) (S.D.N.Y. Oct. 1, 2021) (amended complaint against federal judge and unspecified "law enforcement agency," brought IFP while Plaintiff was a prisoner at Sing Sing, dismissed under 28 U.S.C, § 1915(e)(2)(B)(i)-(iii)); *Almonte v. Noriega*, No. 21-CV-7414 (LTS) (S.D.N.Y. Sept. 27, 2021) (civil rights complaint against federal court employees, brought IFP while Plaintiff was a prisoner at Sing Sing, dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)). [2] Plaintiff has also filed another civil action that was dismissed on grounds that qualify it as a strike, but the Court does not count it here because the dismissal post-dates the filing of this action. *See Almonte v. Law Enforcement Agency*, No. 21-CV-8991 (LTS) (S.D.N.Y. Jan. 10, 2022) (civil rights complaint against state and federal officials, brought IFP while a Plaintiff was a prisoner at Sing Sing, dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)). Because Plaintiff is barred under Section 1915(g), he must pay the filing fee for this action, unless he is "under imminent danger of serious physical injury."

Plaintiff does not allege any facts suggesting that he is in imminent danger of serious physical injury. [3] Instead, Plaintiff's complaint, which is largely illegible and indecipherable, appears to assert claims against state court judges and prosecutors arising from Plaintiff's past state-court criminal proceedings.

## NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important

---

[2] The undersigned was named as a defendant in two of Plaintiff's actions.

[3] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this declaration within thirty days. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss the action without prejudice, and find that Plaintiff is barred from filing future actions IFP while he is a prisoner.[4]

## CONCLUSION

The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within thirty days explaining any reason why he should not be barred under Section 1915(g). For Plaintiff's convenience, a declaration form is attached to this order. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will hold that Plaintiff is barred under Section 1915(g) from filing civil actions IFP while he is a prisoner, deny Plaintiff's IFP application and dismiss this action without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[4] Plaintiff is not barred from filing a new case by prepaying the filing fee.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 22, 2022
         New York, New York

_/s/ Laura Taylor Swain_
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                          Signature

_____

Name                                        Prison Identification # (if incarcerated)

_____

Address              City              State      Zip Code

_____

Telephone Number (if available)             E-mail Address (if available)