UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN CARLOS ALMONTE,

                Plaintiff,

-against-

LAW ENFORCEMENT AGENCY,

                Defendant.

22-CV-0080 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff files this action *pro se* and submitted along with the complaint an application to proceed *in forma pauperis* (IFP). On February 22, 2022, the Court (1) noted that while Plaintiff was a prisoner, he had filed three or more federal civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim, and (2) ordered Plaintiff, within thirty days, to show cause by declaration why his IFP application should not be denied and why he should not be barred under 28 U.S.C. § 1915(g) from filing further actions IFP in this Court while he is a prisoner.[1] Plaintiff filed a declaration on March 17, 2022, but the affirmation does not provide sufficient reason not to impose the above bar order.

    Plaintiff's handwritten declaration, like his other filings, is difficult to read, with notations scribbled in the margins of the pages. Much of Plaintiff's declaration relates to his financial status. Plaintiff does, however, assert that the "I.F.P form [is] for state inmate[s]" and that he is "not a state inmate" but is rather "just a constitutional priv[ate] civil citizen."[2] (ECF 7, at 1.) The Court liberally construes Plaintiff's statement as asserting either that he was not a

---

[1] In response to the Court's order to show cause, Plaintiff paid the filing fees for this action on March 1, 2022. Plaintiff's application to proceed IFP in this case is therefore moot.

[2] Plaintiff writes with irregular capitalization. For readability, the Court uses standard capitalization when quoting from Plaintiff's declaration.

prisoner at the time he filed this action or was not a prisoner at the time he filed the dismissed actions.

In its February 22, 2022, order, the Court identified the following previous dismissals as strikes under 28 U.S.C. § 1915(g): (1) *Almonte v. Law Enf't Agency*, No. 21-CV-8270 (LLS) (S.D.N.Y. Nov. 5, 2021) (complaint, brought IFP while Plaintiff was a prisoner at Sing Sing, dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii))[3]; (2) *Almonte v. Karth*, No. 21-CV-6062 (LTS) (S.D.N.Y. Oct. 1, 2021) (amended complaint against federal judge and unspecified "law enforcement agency," brought IFP while Plaintiff was a prisoner at Sing Sing, dismissed under 28 U.S.C, § 1915(e)(2)(B)(i)-(iii)); and (3) *Almonte v. Noriega*, No. 21-CV-7414 (LTS) (S.D.N.Y. Sept. 27, 2021) (civil rights complaint against federal court employees, brought IFP while Plaintiff was a prisoner at Sing Sing, dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)).[4]

Public records maintained by the New York State Department of Corrections and Community Supervision (DOCCS) show that Plaintiff was a prisoner when he filed those actions.[5] According to DOCCS, Plaintiff is currently incarcerated in Sing Sing Correctional Facility, and has been in DOCCS custody since October 2015.[6] His earliest release date is

---

[3] "Any claim dismissed on the ground of absolute judicial immunity is frivolous for purposes of 1915(g)." *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011).

[4] The Court also noted that Plaintiff has filed another civil action that was dismissed on grounds that qualify it as a strike, but the Court did not count it as a strike because the dismissal post-dated the filing of this action. *See Almonte v. Law Enf't Agency*, No. 21-CV-8991 (LTS) (S.D.N.Y. Jan. 10, 2022) (civil rights complaint against state and federal officials, brought IFP while a Plaintiff was a prisoner at Sing Sing, dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)).

[5] A "prisoner" for purposes of 28 U.S.C. § 1915(g) is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

[6] *See* http://nysdoccslookup.doccs.ny.gov/.

December 2022. Moreover, in this action and in each of the dismissed actions, Plaintiff alleged in his complaint that he was a prisoner in DOCCS custody and provided his inmate number. (*See* ECF 1, at 1, 12, 14); *see also* ECF 1:21-CV-8270, 1, at 2; ECF 1:21-CV-6062, 1, at 1; ECF 1:21-CV-7414, 1, at 2. The Court also notes that Plaintiff's recent declaration was mailed from Sing Sing Correctional Facility, further undermining his claim that he is not a state inmate. (*See* ECF 7.) The Court therefore concludes that Plaintiff has filed at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff is therefore barred from filing future federal civil actions IFP while he is a prisoner unless he is under imminent threat of serious physical injury. *See* 28 U.S.C. § 1915(g).

## CONCLUSION

The Court finds that while Plaintiff was a prisoner, he filed three or more cases that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim. Because Plaintiff has not shown cause why the bar order should not be imposed, Plaintiff is barred from filing future federal civil actions IFP while he is a prisoner unless he is under imminent threat of serious physical injury.[7] The Court warns Plaintiff that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

---

[7] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 29, 2022
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge