UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN CARLOS ALMONTE,

               Plaintiff,

-against-

LAW ENFORCEMENT AGENCY,

               Defendant.

22-CV-0080 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is a prisoner at Sing Sing Correctional Facility, brings this *pro se* action, for which the filing fees have been paid, alleging that his rights were violated.[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity, even if the prison has paid the filing fees. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff initially filed an application to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. By order dated February 22, 2022, the Court found that Plaintiff has filed at least three federal civil actions or appeals that were dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted, and directed Plaintiff, within thirty days, to show cause why his IFP application should not be denied under 28 U.S.C. § 1915(g). On March 1, 2022, Plaintiff paid the filing fees to bring this action.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff's 51-page complaint is difficult to read, with notations scribbled in all of the margins of the pages and handwriting that is indecipherable. It appears that he names as defendants the following: (1) Judge Timothy J. Lawliss, who appears to be a judge on the Clinton County Family Court; (2) Assistant District Attorney Jeffrey C. Kehm, for whom Plaintiff provides a Plattsburgh, New York address; (3) "All the Employees in the Department of Correction"; and (4) an unidentified "Law Enforcement Agency." (ECF 1, at 1-2.)

The complaint begins,

> I'd possiv'd a new charge in this matter of obstruction of justice #indictment #72-I-177729. I was discriminat[ed] 491 F.Supp 958 No attorney fee award demand full payment $151,972.50 #7 time for deliberate indifferent process in the 1# [illegible] got 2# indict'd #72I17729 superceding indictment 3# criminal possession in the 3rd degree has dismiss'd & never when 4# back to the grand-jury for a [illegible] & my 5# indictment never change & also never when to a #6 sentencing judge and apond #7 sentencing my indictment never change again either . . . [?]² It suppose to be a non-[illegible] of relat'd standard development for emploors, a governmental department under the law enforcement agency . . 53 A.D.2d 963 verdict of-guilty was return? I demand my plea back insufficient he has never drunk doctor stat'd "no smell." I was never found in possession of no sharpened toothbrush also never [illegible] no-object its insufficient "no proof beyond a reasonable dought" indictment dismissed (conviction revers'd) 75 N.Y.2d 833 2nd paragraph warrant was denied insufficient (conviction revers'd) I demand to the fullest a (seal) dismissal for indictment #72T-177729 Also the facility violat'd their own illegal [illegible] directive #4910A 3rd page on #2-General contraband means any [illegible] no criminal charge shall be pursue'd even if an inmate it's found in possession.

(*Id.* at 2) (all errors in original).³

Plaintiff continues,

> I'm also not an inmate the word inmate it's a confine group that's for provision [?] condition of applicable? "Bodily state-working good or bad" I was also given a DIN # number the word DIN? "[illegible]" that a number of an [illegible] [illegible] of a department I got nothing to due with no-department unless I ask for assistant that's my "public assistant" beside's that its an violation of my "constitutional right" #13nd Amandment not duly-convict'd [?] Don't never want to be never was, this DIN number was "[illegible]" my "#1ˢᵗ person" that suppost to not be violated #4ᵗʰ Amendment; Been "[illegible]" & that's "retain'd" & [illegible] of my enumeration an "unlawfullmean" been [illegible] as robbery 1st degree #200.04 9ᵗʰ Amendment; 92 U.S. 542 "scrolldown" #23-paragraph "section #4 shall be guilty" #2 years of-imprisonment. "DIN" #15-a-4341 Also; 3 S. Ct. 18 "scrolldown";To the 3ʳᵈ paragraph of **33 and all the way down to the #4th paragraph of **34*28* "protect the rights so grant'd" . . . .

(*Id.* at 3-4.)

---

² Plaintiff here uses what appears to be an upside-down and backwards question mark.

³ The complaint is largely written in all capital letters. For readability, the Court uses standard capitalization when quoting from the complaint.

3

Plaintiff describes the relief he seeks as follows:

> What I want the court to do its to only doo!! What I wrote on my 1983 document's only also, not can [illegible] nothing nor dismissal everything have's to get grant'd an order, I do not want to her "no punk ass" what it's my constitutional rights, I got the rights to be secure'd on my #1 own self person and not be violated #4th amendment. Demand all my funds "debit only" "no credit" and for HA!! To gather all my document & evidence & FOIL & for proceding "claim state'd" # 18 USCA.s 3282 & 28 USCA 1361 "public assistant" #10684-3287.

(*Id.* at 11.)

Plaintiff's submission also includes what appears to be a cover page to another complaint from Plaintiff. In the caption to that complaint, Plaintiff names as the defendant Linda K. Mejias Glover, whose position Plaintiff lists as "claims to be a judge."[4] (*Id.* at 15.) Plaintiff's allegations regarding Glover are also difficult to read and largely incoherent. In the relief section of the second complaint form, Plaintiff writes,

> Understand scare money don't make no moneys it's never inuff . . . Also; to understand that my constitutional right cannot never be violated & retain'd & [illegible] and I'm my own self person and not be violat'd #4th Amendment and the 9th Amendment also I study & practice & memoriz'd the law I'm educat'd high grade I choose to drop-out gang banging selling drugs do not discriminat'd myself I got over #26 years old I'm only worry about my legal rights I'm not playing with my legal rights at all . . . .

(*Id.* at 19.)

## DISCUSSION

**A.      Frivolousness**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in fact or in law. *See Neitzke*, 490 U.S. at 324-35. Plaintiff's allegations are incoherent. The Court is unable to identify any legal

---

[4] Public records indicate that Judge Linda K. Mejias Glover is a judge on the Nassau County Family Court.

basis for his claims against Defendants – who include judges, an assistant district attorney, an unidentified "law enforcement agency," and "[a]ll the [e]mployees" of a New York State agency – and there is no apparent legal theory on which Plaintiff may proceed. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915A(b).

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has the inherent power to dismiss without leave to amend or replead in instances "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Because Plaintiff's claims are frivolous, and the defects in the complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**B.   Litigation History and Warning**

Plaintiff has filed numerous complaints in this court in the past six months that have been dismissed, including multiple cases against judges and an unnamed "law enforcement agency." *See Almonte v. Law Enf't Agency*, ECF 1:21-CV-8991, 6 (S.D.N.Y. Jan. 10, 2022) (dismissing claims against "Law Enforcement Agency" and others as frivolous); *Almonte v. Law Enf't Agency*, ECF 1:21-CV-8270, 6 (S.D.N.Y. Nov. 5, 2021) (dismissing Plaintiff's "almost

indecipherable" complaint against the undersigned,[5] Clerk's Office staff, and "Law Enforcement Agency" as frivolous, for failure to state a claim, and for seeking relief against a defendant show is immune from such relief); *Almonte v. Geraci*, ECF 1:21-CV-6960, 2 (S.D.N.Y. Oct. 8, 2021) (dismissing Plaintiff's fee-paid complaint against the undersigned, the Clerk of Court, and Judges Frank P. Geraci and Charles Siragusa of the Western District of New York, for failure to state a claim on which relief may be granted and for seeking relief from a defendant who is immune from such relief); *Almonte v. Karth*, ECF 1:21-CV-6062, 9 (S.D.N.Y. Oct. 1, 2021) (dismissing Plaintiff's amended complaint against the undersigned and "Law Enforcement Agency" as frivolous, for failure to state a claim, and for seeking relief against a defendant who is immune from such relief); *Almonte v. Noriega*, ECF 1:21-CV-7414, 6 (S.D.N.Y. Sept. 27, 2021) (dismissing Plaintiff's claims against Clerk's Office staff as frivolous, for failure to state a claim, and for seeking relief against a defendant who is immune from such relief).

By order dated March 29, 2022, the Court determined that while Plaintiff was a prisoner, he filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, and therefore barred Plaintiff under 28 U.S.C. § 1915(g) from filing any new federal civil action or appeal IFP while a prisoner unless he is under imminent threat of serious physical injury. (ECF 8.)

---

[5] The fact that Plaintiff has sued the undersigned in prior actions does not require recusal in the present action. The showing of personal bias required to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Almonte v. Karth*, ECF 1:21-CV-6062, 9, at 3-5 (S.D.N.Y. Oct. 10, 2021) (discussing why the undersigned was not required to recuse herself when Plaintiff added the undersigned as a defendant in an amended complaint).

Plaintiff is warned that further duplicative, abusive, or frivolous litigation in this Court will result in an order directing him to show cause why he should not be barred from filing any new civil action, even if he pays the filing fees, without prior permission from the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915A(b).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 29, 2022
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge